UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENOLIS COLEMAN,

                    Plaintiff,                    Case No. 18-cv-12881

v.                                                Paul D. Borman
                                                  United States District Judge

COMMISSIONER OF
SOCIAL SECURITY,                                  David R. Grand
                                                  United States Magistrate Judge

                    Defendant.

_____/

**OPINION AND ORDER:**
**(1) SUSTAINING DEFENDANT'S OBJECTIONS (ECF #14);**
**(2) REJECTING THE REPORT AND RECOMMENDATION OF**
**MAGISTRATE JUDGE DAVID R. GRAND (ECF #13);**
**(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**(ECF #10); and**
**(4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**(ECF #11)**

On March 4, 2019, Magistrate Judge David R. Grand issued a Report and

Recommendation (ECF #13) addressing the outstanding motions in this action. In

the Report and Recommendation, the Magistrate Judge recommended that this Court

deny in part Plaintiff Denolis Coleman's December 18, 2018 Motion for Summary

Judgment (ECF #10), to the extent she seeks an award of benefits, but grant

Plaintiff's Motion to the extent she requests remand under sentence four of 42 U.S.C.

§ 405(g), and deny Defendant Commissioner of Social Security's January 16, 2019

Motion for Summary Judgment (ECF #11).

Now before the Court is Defendant's Objection to the Report and Recommendation. (ECF #14, Def.'s Obj., Mar. 12, 2019.) Plaintiff filed a Response to Defendant's Objections on March 12, 2019. (ECF #15.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will sustain Defendant's Objection and reject the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The findings of the Administrative Law Judge ("ALJ") and the pertinent portions of the Administrative Record are accurately and adequately cited to in the Report and Recommendation. There are no material inconsistencies with these accounts and the Court incorporates those factual recitations here. (ECF #13, Report and Recommendation, PgID 1600.) The following summary contains only the facts essential to the Court's evaluation of Defendant's Objection.

Plaintiff applied for disability insurance benefits ("DIB") on January 28, 2015, following a stroke. (Tr. 28.) On May 12, 2017 Plaintiff appeared for and testified at a hearing before ALJ Kari Deming. (Tr. 27.) Plaintiff was represented by attorney Linda Caruso at the hearing. (Tr. 28.) On August 14, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims. (Tr. 25.)

The ALJ found that Plaintiff had the following severe impairments: "late effects of cerebrovascular accident ("CVA"), hypertension, obstructive sleep apnea, and depression/anxiety related to history of CVA." (Tr. 30.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1. (Tr. 31.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform medium work with the following additional limitations: can frequently stoop, crouch, crawl, kneel, and climb ramps and stairs; can never be exposed to workplace hazards, such as ropes, ladders, scaffolds, or unprotected heights; and is limited to simple, routine tasks. (Tr. 32). At Step Four, the ALJ found that Coleman is not capable of performing any of her past relevant work. (Tr. 37).

At Step Five, the ALJ determined, based in part on testimony provided by the vocational expert in response to hypothetical questions, that Coleman is capable of performing the jobs of packer (63,000 jobs nationally), assembler (71,000 jobs), and cleaner (51,000 jobs). (Tr. 38). As a result, the ALJ concluded that Coleman is not disabled under the Act. (Tr. 39). Plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on July 13, 2018. (*Id.* at PgID 26.) On September 7, 2018, Plaintiff commenced this action for judicial review. (ECF #1.)

The Parties filed cross motions for summary judgment (ECF #10, Pl.'s Mot., Dec. 18, 2018; ECF #11, Def.'s Mot., Jan. 16, 2019.) Plaintiff filed a Response (styled "Reply") to Defendant's Motion. (ECF #12, Feb. 5, 2019.)

In the Report and Recommendation on the cross motions (ECF #13), the Magistrate Judge recommended that the Court deny Defendant's Motion for Summary Judgment, and grant Plaintiff's Motion for Summary Judgment to extent it requested remand under sentence four of 42 U.S.C. § 405(g). Although Plaintiff did not raise this issue in her Motion for Summary Judgment, the Magistrate Judge found that the ALJ did not base her finding that Plaintiff was not disabled on substantial evidence because the ALJ had failed to seek certain medical records that were not included among Plaintiff's submissions. On March 12, 2019, Defendant filed an objection to the Magistrate Judge's Report and Recommendation, stating, "The R&R improperly required the [ALJ] to act as 'substitute counsel' and order additional records, even though Plaintiff's attorney assured the ALJ that the record was complete." (ECF #14, PgID 628.) Plaintiff file her Response to the Objection on March 12, 2019. (ECF #15.)

## II.    STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report

and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks omitted). A general objection, or one that merely restates arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h)); *see also Cutlip v. Sec't of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

This Court does not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses,

including that of the claimant." *Rogers*, 486 F.3d at 247; *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

## III.     ANALYSIS

The Court is mindful that the ALJ is obligated "to fully develop the record," *Wright–Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 397 (6th Cir. 2010), and bears "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing," *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir.1983) (*pro se* claimant's physical and mental impairment imposed a special duty on the ALJ to be especially probing in his questioning). However, it is a claimant's burden to provide the medical evidence necessary to establish the existence of a disability during the claimant's stated period of disability. 20 C.F.R. § 404.1512(c). Only under special circumstances, *i.e.*, when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record. *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 856 (6th Cir.1986)).

7

Plaintiff was represented by an attorney at her May 12, 2017 hearing. (Tr. 45-77). Plaintiff was also represented by a second attorney at that time, who was not present at the hearing. (Tr. 29.) At the outset of the hearing, the ALJ asked Plaintiff's attorney whether she was "aware of any other medical source statements or other probative evidence that exist that is [sic] not in the record?" (Tr. 49-50). The attorney responded, "No, Your Honor." (Tr. 50.) After confirming that the record was "complete," the ALJ entered the proffered exhibits into evidence. (*Id.*) The ALJ then summarized the opinion evidence, and asked if she was "missing anything." (Tr. 50-51.) Plaintiff's attorney again responded, "No, Your Honor." (Tr. 51.)

The Magistrate Judge found error with the ALJ's failure to attempt to obtain test results from neuropsychologist Dr. Steven Tindell, records from neurologist Dr. Turner,[1] and a February 16, 2017 medical source statement from primary care physician Dr. Nicholas Gadzinski cited in Plaintiff's pre-hearing brief, following the administrative hearing. As the Magistrate Judge noted, Plaintiff did not articulate an argument regarding the incompleteness of the Administrative Record, which "does not prevent the Court from identifying error based on its own review of the record,

---

[1] Dr. Turner's full name is not included in the Administrative Record.

and ruling accordingly." *Buhl v. Comm'r of Soc. Sec.*, No. 12-10087, 2013 WL 878772, at *7, n. 5 (E.D. Mich. Feb. 13, 2013).

Plaintiff, however, not only failed to raise this argument, but stated in her Motion for Summary Judgment that, although the ALJ noted the lack of records from Dr. Tindell in her decision,[2] the "best evidence" of Plaintiff's cognitive impairments *was* contained in the Administrative Record, which were "the extensive test results" of neuropsychological testing performed by Dr. Jason King in March 2015,[3] thereby discounting the test results of Dr. Tindell. (ECF #10, Pl.'s Mot., PgID 576-77.) Not only did Plaintiff fail to argue that the record was not fully developed, but Plaintiff also does not appear to believe that any missing Tindell records are relevant to proving her case.

Moreover, in her Motion, Plaintiff discusses the missing records of Dr. Turner, and admits that Plaintiff did not undergo the neuropsychological testing that

---

[2] The only reference in the ALJ's decision to test results not included in the Administrative Record refer to Dr. Douglas Stuart referring Plaintiff to Dr. Tindell for neuropsychological testing. (Tr. 35.) There is no reference to Dr. Turner or his suggestion that Plaintiff undergo testing in the ALJ's decision.

[3] The ALJ offered several reasons why she had given Dr. King's opinion "little weight," including that "his opinion with regard to her remaining off work for six to twelve months appears to relate to [Plaintiff's past job as an accounting clerk], and does not contemplate her ability to engage in other work such as unskilled professions." (Tr. 34.)

Dr. Turner had ordered. (*Id.* at PgID 576.) The evidence available supports the irrelevance or inexistence of the "missing" records. There is no evidence in the Henry Ford Hospital treatment notes that Plaintiff saw Dr. Turner more than once, during her first appointment on June 23, 2016. A January 20, 2017 treatment note by resident physician Dr. Janet Adedokun (six months after Plaintiff's first appointment) reported that Plaintiff had seen Dr. Turner after her referral to him, but had not undergone the neuropsychological or MRI testing that he requested. (Tr. 483, 485.) A February 10, 2017 treatment note, also by Dr. Adedokun, stated only that Plaintiff is "encouraged to continue to follow up with Dr. Turner," and does not mention any test results or chart entries by Dr. Turner. (Tr. 480.)

At the hearing, Plaintiff's Counsel informed the ALJ that Plaintiff had not undergone neuropsychological testing for "over a year." (Tr. 49.) There is no mention of Dr. Turner in the Henry Ford records post-dating February 10, 2017, supporting this assertion. In her Motion for Summary Judgment, Plaintiff's Counsel acknowledged and did not dispute the ALJ's conclusion that Plaintiff had not undergone the neuropsychological testing that Dr. Turner had ordered, so it is a logical conclusion that no such records exist. (ECF #10, Pl.'s Mot., PgID 576.)

Dr. Gadzinski, (the author of the missing February 16, 2017 medical source statement) signed the January 20, 2017 treatment note in the role of resident Dr.

Adedokun's supervising physician, indicating that he "saw and evaluated [Plaintiff] with the resident." (Tr. 483.) In contrast, Dr. Gadzinksi's sign-off on the February 10, 2017 note states that he "discussed" Plaintiff with Dr. Adedokun. (Tr. 481.) This treatment note does not indicate that Dr. Gadzinksi saw and/or evaluated Plaintiff during her February 10, 2017 appointment, as he did on January 20, 2017. Therefore, according to the records, Dr. Gadzinksi saw Plaintiff only once, on January 20, 2017, in the role of supervising physician to Dr. Adedokun, before he allegedly filled out the February 16, 2017 medical source statement. (Tr. 483.) First, this is insufficient to consider him a "treating physician." *See Lashley*, 708 F.2d at 1054 ("A single visit is simply too short a time to evaluate properly the full scope of plaintiff's impairment.") Second, at the administrative hearing, the ALJ inquired about why Dr. Gadzinksi's medical source statement that Plaintiff's Counsel cited extensively in the pre-hearing brief was not in evidence, and Plaintiff's counsel replied, "I think that was a mistake, Your Honor." Plaintiff's failure to remember meeting Dr. Gadzinski once, as the supervising physician to the primary care resident whom she regularly saw, does not excuse her Counsel's failure to properly familiarize themselves with and submit any relevant records in their possession. *See Issa v. Comm'r of Soc. Sec.*, No. 2:15-CV-12327, 2016 WL 11474768, at *11 (E.D. Mich. May 24, 2016), *report and recommendation adopted*, No. 15-12327, 2016 WL

4409063 (Aug. 19, 2016) ("the Court agrees with the Commissioner that where, as here, Plaintiff had counsel at the administrative hearing, her frustration is better directed at her hearing representative") (internal quotations omitted) (citing *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 363 (6th Cir. 2014)). The Court concludes that the ALJ was not under a duty to further pursue a medical source statement from Dr. Gadzinski.

Therefore, the ALJ did not commit an error by failing to attempt obtain records from Drs. Tindell, Turner, or Gadzinksi. The ALJ was entitled to rely upon the multiple representations of Plaintiff's counsel at the May 2017 hearing that the record was complete. *See Bass v. McMahon*, 499 F.3d 506, 514 (6th Cir. 2007) (rejecting argument that ALJ failed in duty to obtain medical evidence where plaintiff was represented at the hearing); *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 468 (6th Cir. 2017) ("Staymate argues that the ALJ has a heightened duty to develop the record where the claimant has a mental impairment. However, Staymate was represented by counsel in the proceedings before the ALJ. In light of this, we find difficulty in imposing a 'heightened' duty on the ALJ."); *Smith v. Comm'r of Soc. Sec.*, 572 F. App'x 363, 367-68 (6th Cir. 2014) (no heightened duty therefore "ALJ was not required to assume the role of counsel and aid Smith in developing the record and presenting evidence"); *Culp v. Comm'r of Soc. Sec.*, 529

F. App'x 750, 751 (6th Cir. 2013) ("the ALJ did not have a special duty to develop the record because Culp was represented by counsel"); *Smith v. Comm'r of Soc. Sec.*, 473 F. App'x 443, 445 (6th Cir. 2012) ("The ALJ is required to develop an adequate record and he has a special duty to develop the record when the claimant is proceeding without representation. However, this special duty does not apply here, as Smith was represented by counsel at his administrative hearing."). At the administrative hearing stage, Plaintiff had the benefit of representation by two attorneys in this matter, neither of whom indicated before, during, or after the hearing that relevant medical evidence was missing from the record. Plaintiff then retained different counsel to represent her at the district court stage of her appeal, who acknowledged and dismissed any test results from Dr. Tindell, did not dispute that Dr. Turner's neuropsychological test results do not exist, and did not move for remand under sentence four or six of 42 U.S.C. 402(g).[4]

For the reasons stated above, the ALJ was not subject to the duty to seek the records of Drs. Tindell, Turner, or Gadzinski.

---

[4] Plaintiff's argument that she satisfied her duty to inform the ALJ of any Tindell, Turner, and Gadzinski evidence by virtue of the passing references to those physicians among the 519 pages of Administrative Records, thus triggering a duty of the ALJ to request those records post-hearing, is meritless at best. (ECF #15, Pl.'s Resp. to Def.'s Obj., PgID 643-44.)

## IV.    Conclusion

For all of the reasons stated above, the Court hereby:

-   SUSTAINS Defendant's Objection (ECF #14);

-   REJECTS the Report and Recommendation of Magistrate Judge David R. Grand
    (ECF #13);

-   DENIES Plaintiff's Motion for Summary Judgment (ECF #10);

-   GRANTS Defendant's Motion for Summary Judgment (ECF #11); and

-   AFFIRMS the final decision of Defendant Commissioner of Social Security.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
Dated:  August 30, 2019          United States District Judge